# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
    **Plaintiff,**

 v.                  **Case No. 05-CR-213**

**KENNETH BEVERLY**
    **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Kenneth Beverly pleaded guilty to conspiracy to distribute five grams or more of crack cocaine. 18 U.S.C. §§ 841(a)(1) & (b)(1)(B). The pre-sentence report ("PSR") set his offense level at 29 (base level 32, U.S.S.G. § 2D1.1(c)(4), minus 3 for acceptance of responsibility, § 3E1.1), and his criminal history category at III, producing an imprisonment range of 108-135 months under the advisory sentencing guidelines. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), I decided to impose a sentence below the range, and in this memorandum I set forth the reasons.

### I. SENTENCING FACTORS

The sentencing court must consider the factors set forth in § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;

 (C) to protect the public from further crimes of the defendant; and

>                (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>        (3)    the kinds of sentences available;
>
>        (4)    the advisory guideline range;
>
>        (5)    any pertinent policy statements issued by the Sentencing Commission;
>
>        (6)    the need to avoid unwarranted sentence disparities; and
>
>        (7)    the need to provide restitution to any victims of the offense.

The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2).

## II.  DISCUSSION

### A.    Nature of Offense

Defendant was involved in crack cocaine distribution from June 2004 to December 2004. He was supplied primarily by Dante Jordan, but also others, and sold to Milwaukee areas customers. The parties agreed to a relevant conduct drug weight of 100g of crack, a fairly significant amount. There was no evidence of weapon possession, violence or threats, or leadership or recruitment of others, so the offense was not aggravated in that sense.

### B.    Character of Defendant

Defendant was 30 years old and had a prior record, all misdemeanors and ordinance violations, including convictions for carrying a concealed weapon, battery, marijuana possession and issuance of worthless checks. He was on probation when he committed this offense, but for reasons that were unclear he was not revoked.

Defendant was not married but had been in a relationship for the past three years and his girlfriend spoke highly of him. He had eight children by eight different women and owed substantial back child support, which showed irresponsibility. However, he did seem to be involved in some of his children's lives, and the mothers who spoke to the probation office had positive things to say, although another had a restraining order against him.

Defendant dropped out of high school but to his credit recently went back to MATC to get his GED and take a welding course. This showed that he was thinking about the future. He had very little verifiable employment and received SSI for a number of years based on a diagnosis of ADD. He admitted using marijuana daily and failed several drug tests while on state supervision, but to his credit abstained while on pre-trial release in this case.

I received positive letters from various individuals. A long-time neighbor stated that defendant had always been respectful and ran errands for seniors in the neighborhood. Another neighbor stated that he was always helpful. A cousin stated that he was a good father and pleasant to be around. His girlfriend stated that they were planning marriage and that defendant treated her kids as his own.

**C.  Purposes of Sentencing**

There was some indication in defendant's record that he may be prone to violence as evidenced by the domestic violence battery conviction he sustained, as detailed at ¶¶ 48-49 of the PSR, as well as additional allegations of violence against women made against him while he was on probation, as set forth in ¶ 50 of the PSR. However, his current girlfriend denied any domestic violence. His record was mostly minor, and this was his first felony. Thus, there was no clear indication of danger to the public. However, the

3

fact that he was on probation when this offense occurred suggested that some confinement was necessary to deter defendant from committing further crimes. There was also a need for substantial confinement to reflect the seriousness of the offense and deter others. Defendant had a problem with marijuana use but to his credit acknowledged that. I responded to this need via recommendations to the BOP and conditions of supervised release. There was no restitution due.

**D.     Consideration of Guidelines**

The guidelines called for a term of 108-135 months. I concluded that a sentence within the range was somewhat greater than necessary to satisfy the purposes of sentencing.

First, the range did not account for defendant's positive personal characteristics as set forth in the letters received by the court. Nor did they account for his recent actions of returning to school in an attempt to better himself.

Second, the range was elevated by defendant's criminal history category, although he has no prior felonies, unlike most category III offenders.

Third, a sentence within the range was somewhat greater than necessary to punish defendant given the relatively short period of time over which the offense occurred, the lack of any aggravating factors, and the absence of any evidence that he profited substantially from his crime. The range was also somewhat greater than necessary to deter defendant from committing further crimes. He had not previously served more than 30 days in jail, making a prison sentence measured in years a huge increase from any previous sentences.

Finally, I considered the sentences imposed on the other, similarly situated co-defendants in this case. See United States v. Newsom, 428 F.3d 685, 688 (7th Cir. 2005). Corey Hudson, Patrick Alexander, Marshal Noel and Robert Chambers, who committed basically the same offense and had similar records, received sentences of 84 months. I did not consider defendant Beverly in precisely the same category as those defendants, who had more positive personal characteristics and demonstrated more personal responsibility, or were otherwise distinguishable from this defendant.[1] I also took into account the suggestion of violence in defendant's record.

---

[1] For instance, Hudson initially had a higher guideline range, but after I departed from category V to III under U.S.S.G. § 4A1.3 to account for the overstatement in his criminal history, the ranges were the same. (R. 142 at 2-5.) Further, there was no suggestion of violence in his record, he made an effort as a teenaged father to support his only child, who described him as her "best friend," and helped raise his girlfriend's three children and took other children on trips (Id. at 6-7.) He also attempted to cooperate with the government. (Id. at 8.) Alexander's guideline range was the same as defendant's, but I found that in arriving at that range the guidelines gave undue weight to two juvenile adjudications from when he was 15 years old. Further, Alexander had no recent history of violence and a more significant employment record. Alexander also had a serious vision problem, which would make incarceration more difficult for him. (R. 146 at 4-5.) Chambers also had the same guideline range as defendant, but I found that his criminal history category was overstated by the inclusion of an operating after revocation offense. Chambers also had a more significant employment record than defendant and had been in a relationship with the same woman, the father of two of his kids, for ten years. Chambers had one other child and was involved in his life. He also attempted to cooperate with the government and had no history of violence. (R. 153 at 3-4.) Finally, Noel had the same guideline range, but suffered from a very serious heart condition, which would make incarceration more difficult. He also attempted to cooperate with the government and debriefed several times. (R. 186 at 3-4.) None of these defendants had anywhere near the number of unsupported children defendant had, or the suggestion of violence in their records. Finally, although defendant was allowed to remain free on bond after his guilty plea in order to attempt to cooperate, he apparently did nothing. While this is not an aggravating factor, it, along with the other factors mentioned, justified a slightly lesser reduction from the range than that afforded to Hudson, Alexander, Chambers and Noel.

I found, based on all of the circumstances, that a sentence 87 months in this case was sufficient but not greater than necessary. This was effectively two levels lower than the advisory range.

I declined, under the circumstances of this case, to calculate the sentence under a 20:1 crack/powder ratio, as defendant requested. See United States v. Gipson, 425 F.3d 335 (7th Cir. 2005). It appeared that the drug weight agreed to by the government in this case was quite conservative, as the government explained in its sentencing memorandum. The government made extensive concessions both in charging this case by information and in agreeing to drug weight in the plea agreement. I did not believe it appropriate, under the facts of this case, to base a sentence on drug weight issues when the amount already appeared to be low. I made a similar finding in Hudson's case. The government cited United States v. Miller, No. 05-2978, 2006 U.S. App. LEXIS 13942 (7th Cir. June 7, 2006) for the proposition that I could not consider this factor. Because I declined to do so as a factual matter under the circumstances of this case, it was unnecessary for me to decide what effect, if any, the dicta in Miller should have on my exercise of discretion. Finally, the individual circumstances discussed support the sentence imposed. Any lesser sentence would have been insufficient.

## III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 87 months. I found this sentence sufficient but not greater than necessary under all of the circumstances. I recommended any drug treatment programs available, including the 500 hour program. Upon release, I ordered him to serve a four year supervision term. As conditions, I ordered, inter alia, a drug aftercare program and a requirement that he pay

6

any child support arrearages and make regular child support payments. Other terms of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7