# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                      **Case No. 05-CR-213**

**KEN BEVERLY**
        **Defendant.**

## ORDER

On June 30, 2006, I sentenced defendant Ken Beverly to 87 months in prison on drug charges. Defendant took no direct appeal, but on July 31, 2007 he filed a paper entitled "Petition Challenging Execution of Sentence Pursuant to Title 28, United States Code, Section 2241(c)(2) For Downward Departure." Although the paper listed defendant's prison warden as the "respondent," he filed it under his criminal case number in the sentencing court rather than as a new, civil action in the district of confinement. And, in his supporting memorandum, he raised no issues with the manner in which the Bureau of Prisons carried out his sentence but rather asked me to lower his sentence based on his expression of remorse and rehabilitation.

     I screened the filing and noted that district courts generally lack authority to reduce prison sentences long after their imposition, see Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000), but that federal prisoners may in some circumstances challenge their sentences under 28 U.S.C. § 2255. I therefore advised defendant that in order to consider his filing I could convert it to a motion under § 2255 and provided the warnings required by Castro v. United States, 540 U.S. 375, 383 (2003), Williams v. United States, 366 F.3d 438, 438 (7th Cir. 2004) and Henderson v. United States, 264 F.3d 709, 711 (7th Cir. 2001). I afforded

defendant thirty days to withdraw or clarify his motion, or add any other arguments for collateral relief.[1]

Defendant has now filed a motion to transfer his pleading to the Western District of Wisconsin pursuant to 28 U.S.C. § 1631. That provision states:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Because defendant is confined at a prison in the Western District of Wisconsin, that district would be the proper place for a § 2241 action. See United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002). However, under the circumstances, transfer to that district is not in the interest of justice. Defendant brings no cognizable claim under § 2241. He does not challenge the execution of his sentence or claim that the so-called savings clause, which might allow him to raise other types of claims under § 2241, applies. His original motion simply asks for a lower sentence. No judge in the Western District of Wisconsin can grant such relief. Transfer to that district would be pointless. See Poole v. Baker, 874 F. Supp. 222, 224 (C.D. Ill. 1994) ("Transfer is not in the interest of justice if the Complaint is frivolous and additional

---

[1] I nevertheless advised defendant that in providing these warnings I was not suggesting that he had in the original filing presented a viable claim for collateral relief. Section 2255 is reserved for errors of constitutional magnitude. Broadway v. United States, 104 F.3d 901, 903 (7th Cir. 1997). Mere requests for a shorter sentence do not rest on any body of law. See Romandine, 235 F.3d at 735.

adjudication a waste of judicial resources.").[2]

**THEREFORE, IT IS ORDERED** that defendant's motion to transfer (R. 218) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant advise the court on or before **October 5, 2007**, whether he wishes to withdraw his § 2241 motion or add other arguments for collateral relief.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[2] Nothing in this order prevents defendant from filing whatever action he chooses in the Western District of Wisconsin. I simply conclude that transfer of the present motion is not in the interest of justice.